IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY ANN WALKER,
on behalf of Laverne G. Taylor, deceased,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:07-cv-00411

MICHAEL J. ASTRUE
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

In this action, the plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration denying an application for supplemental security income ("SSI") and disability insurance benefits ("DIB") filed by Laverne G. Taylor (referred to hereafter as "the claimant"). The case is presently pending before this court on the plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand [Docket 15] and the Commissioner's Brief in Support of Judgment on the Pleadings [Docket 18].

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On July 11, 2008, the Magistrate Judge submitted proposed findings of fact and recommended that the court deny the plaintiff's motion, affirm the final decision of the Commissioner, and dismiss this matter from the court's docket. On August 22,

2008, the plaintiff filed objections to the Magistrate Judge's PF&R.

## Statement of Facts

Laverne G. Taylor filed an application for SSI and DIB on June 7, 2005, alleging disability as of February 1, 2005, due to a variety of physical and mental impairments. The claims were denied initially and upon reconsideration. The claimant requested a hearing before an Administrative Law Judge ("ALJ") and the hearing was held on September 6, 2006, before the Honorable Harry C. Taylor, II.

The ALJ found that Ms. Taylor did suffer from the severe impairments of degenerative disc disease in the lumbar spine, panic disorder, and mood disorder. The ALJ further found that the following claimed impairments were not "severe:" gastroesophageal reflux disease (GERD), ovarian cysts, rhabdomylosis, and carpal tunnel syndrome. The ALJ concluded the claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. He further concluded that she had the residual functional capacity for light work, with a sit/stand option, reduced by exertional and nonexertional limitations, and as a result she could not return to her past relevant work. The ALJ found, however, that she could have performed jobs which exist in significant numbers in the national economy. Accordingly, the ALJ determined by a decision dated September 26, 2006, that Ms. Taylor was not entitled to benefits. The Appeals Council subsequently denied Ms. Taylor's request for review. On June 28, 2007, Ms. Taylor brought the present action seeking judicial review of the administrative decision. Ms. Taylor died on February 9, 2008, during the pendency of this matter. Mary Ann Walker is Ms. Taylor's sister and the executrix of her estate. On June 10, 2008,

Ms. Walker was substituted by court order as the plaintiff. The SSI claim was dismissed as moot as SSI benefits are not payable to an estate and the claimant died having no spouse or children. The pending claim relates only to denial of the DIB claim.

## **Standard of Review**

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g) (West Supp. 2007). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the Administrative Law Judge (ALJ) if such conclusions are bolstered by substantial evidence and were

reached through a correct application of relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## Analysis

The plaintiff makes three specific objections to the Magistrate Judge's PF&R. First, the plaintiff objects to the finding that substantial evidence supports the ALJ's decision that all of the claimant's severe impairments were properly identified. Second, the plaintiff objects to the finding that the ALJ's physical and mental Residual Functional Capacity ("RFC") assessments were proper and supported by substantial evidence. Third, the plaintiff objects to the finding that the ALJ's hypothetical question to the vocational witness was proper and consequently supported the finding that the claimant was capable of performing other work existing in significant numbers in the national economy.

The court has reviewed *de novo* those portions of the Magistrate Judge's PF&R to which the plaintiff objects and **FINDS** that the objections lack merit. The court agrees with the Magistrate Judge's analysis of these issues and that the ALJ's assessment of the claimant's eligibility for benefits is supported by substantial evidence in the record.

The objections to the PF&R largely repeat arguments and alleged evidence previously stated in the plaintiff's Memorandum in Support of Judgment on the Pleadings. The plaintiff continues to contend that medical evidence establishes the existence of additional severe physical and mental impairments. Each of these alleged "severe" impairments was carefully and individually addressed by the Magistrate Judge. The plaintiff contends on the issue of severe carpal tunnel syndrome, for example, that the ALJ and the Magistrate Judge failed to consider evidence of the plaintiff's condition both before and after her carpal tunnel surgeries in early 2006. That statement is

inaccurate in that the ALJ specifically referenced a June 25, 2003, report from Dr. Lisa Tate noting the claimant had good use of all limbs. (AR at 17, 228). The only other new argument the plaintiff provides is reference to a progress note from Charleston Area Medical Center dated August 27, 2002, which notes subjective complaints of hand numbness and related symptoms from a car accident. (AR at 212). This complaint occurred two and a half years prior to the alleged date of onset and there appears to be no objective medical evidence at that time to support it. Further, the defendant's brief thoroughly describes the inconsistent accounts provided by the claimant as to her car accidents and the fact no corresponding injuries appear to have been reported or treated.[1] (Def. Br. in Support n. 6 at 6.) There is also no medical evidence in support of the claimant's assertions at the hearing that she had numbness and pain in her hands and that the surgery made them worse. To the contrary, medical records of doctor visits for physical complaints dated just prior to the hearing make no reference to complaints about the claimant's hands or wrists.

After two single spaced pages of discussion of substantive evidence, the ALJ credited the claimant with having degenerative disc disease, a severe impairment relating to her lumbar spine with associated radiating pain. Despite this fact, the plaintiff repeatedly insists that evidence on the extent and severity of the claimant's lower back problems was improperly reviewed and resolved. The plaintiff specifically objects to both the ALJ and Magistrate Judge not specifying and addressing the variety of other lumbar related complaints and diagnoses aside from degenerative disc disease. After careful review, the court agrees with the Magistrate Judge's assessment of this issue.

The plaintiff also objects to the ALJ's alleged failure to discuss and consider the claimant's

---

[1] This recitation of facts is supported by the administrative record and is undisputed by the plaintiff.

obesity in relationship to her other alleged impairments. The Magistrate Judge rightly points out in her PF&R that although a reference to the claimant being obese is occasionally mentioned in the medical records, at no point were there any specific complaints or treatment concerning her obesity. It appears to the court that the claimant's height and weight, and the logical deduction of obesity from that information, was simply noted in medical records as part of basic patient information upon examination. As further noted in the Magistrate Judge's discussion, the claimant herself did not testify to any complaints about her weight and its effect on her ability to work. Accordingly, there was no compelling reason for the ALJ to discuss the alleged "impairment" in his opinion.

The remaining objections repeat the claims made in plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings. The balance of the plaintiff's contentions need not be addressed. The Magistrate Judge's recommendation on each disputed point is both thorough and correct.

## Conclusion

In agreement with the Magistrate Judge's findings and recommendations and in accordance with the above analysis the courts **FINDS** that (1) the ALJ's decision regarding which of the claimant's impairments were severe and his conclusions on residual functional capacity are both supported by substantial evidence; (2) the hypothetical question posed to the vocational expert by the ALJ included all of the relevant severe and non-severe impairments supported by the record which would have affected the claimant's ability to perform work; and (3) the decision denying benefits is supported by substantial evidence. Accordingly, the court **ADOPTS** the PF&R, **DENIES**

the plaintiff's motion for judgment on the pleadings or alternative for remand [Docket 15], **GRANTS** the defendant judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       September 8, 2008

Joseph R. Goodwin, Chief Judge